IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TIMOTHY MARK WRIGHT,**

    **Plaintiff,**

    v.

**BEN CASAD, et. al,**

    **Defendants.**

Case No. 15-3185-SAC-DJW

## ORDER TO SHOW CAUSE

This pro se civil action was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Leavenworth County Jail.[1] In his Complaint, Plaintiff alleges three counts. First, he claims his Sixth Amendment right to a fair trial was violated because his counsel was ineffective. Specifically, Plaintiff states his counsel was ineffective because counsel (1) failed to represent his best interest, (2) "allowed a 'snitell' letter get into prison", (3) did not create an independent defense, (4) did not appeal his sentence, and (5) did not fight for what the drug task force promised. (Doc. 1 at 4.) Second, Plaintiff claims his Eighth Amendment right to be free from cruel and unusual punishment was violated because a detective told people that Plaintiff had told on them and because Defendant Casad had him sign a document releasing his files to his co-defendant. Third, Plaintiff states he was never given credit for information he passed on to law enforcement as a confidential informant. Plaintiff provides no support other than conclusions.

Plaintiff's request for relief includes money damages for pain and suffering as well as requesting that his 2009 criminal case be vacated.

---

[1] By prior order, Plaintiff was required to submit an initial partial filing fee. He has complied with that order. Accordingly, the court grants his motion to proceed without prepayment of fees.

**I. Screening Standards**

Because Plaintiff is a prisoner, the court is required by statute to screen his Complaint and to dismiss the Complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action

harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and citations omitted). Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). *Bloom v. McPherson*, 346 Fed. App'x 368, 372 (10th Cir. 2009); *Robbins*, 519 F.3d at 1247–48; *see Ellibee v. Fox*, 244 Fed. App'x 839, 843 (10th Cir. 2007). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Robbins*, 519 F.3d at 1247 (citing *Twombly*, at 1974).

**Habeas Corpus Claims**

A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("Habeas corpus is the only avenue

3

for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release."). A prerequisite to filing a habeas corpus petition in federal court is full exhaustion of all levels of administrative appeal, as well as all remedies available in the state courts.

### Claims for Damages

Section 1997e(e) . . . provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).

Punitive damages are available in a § 1983 lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Id.* at 879; (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)); *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992); *see also Patel v. Wooten*, 264 Fed. App'x. 755, 760 (10th Cir. 2008) (determining, in the First Amendment context, that prison officials' actions did not "rise to the level of evil intent or reckless or callous indifference to sustain a jury award of punitive damages")).

### Federal Constitutional Claim Requirement

As noted, in a § 1983 action, the complaint must specify "the violation of a right secured by the Constitutional and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law." *Bruner v. Baker*, 506 F.3rd 1021, 1025-26 (10th Cir. 2007). "[A] violation of state law alone does not give rise to a federal cause of action under §

1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Thus, the allegation that a state statute or state constitution was violated states no claim under § 1983.

**II. Analysis**

Plaintiff's Complaint alleges both a habeas claim (request to vacate his 2009 conviction) and § 1983 claims (violation of Eighth Amendment). Plaintiff's third claim—not getting credit for his information as a confidential informant—does not state a federal constitutional claim. Plaintiff's Complaint is subject to dismissal for the following reasons.

While Plaintiff's first count of ineffective assistance of counsel is on a form complaint for § 1983 actions, it is actually a habeas corpus claim because he appears to be attacking his underlying conviction. To bring a habeas claim under 28 U.S.C. § 2254, Plaintiff must exhaust all remedies, which include exhausting all of his appeals at the state level. The face of Plaintiff's Complaint does not indicate Plaintiff has done so. He has neither included any case numbers nor indicated that he has appealed his conviction all the way through the Kansas Supreme Court. For this reason alone, Plaintiff's claim should be dismissed without prejudice. But the Court grants Plaintiff time to show cause as to why this claim should not be dismissed for failure to exhaust his state court remedies.

Plaintiff's second count—that he has been subject to cruel and unusual punishment either because he signed a paper causing his case files to be sent to his co-defendant or because an officer told people that Plaintiff "told on them"—fails to state a claim because Plaintiff has alleged no physical injury. To bring a claim under § 1983, Plaintiff must show a physical injury to obtain money damages for a mental or emotional injury suffered while in custody. *See* 42 U.S.C. § 1997e(e). He alleges that he fears for his life but has not shown that he has suffered any

physical injury.  Therefore, the Court believes Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff's third claim that he did not receive any credit for information he provided to law enforcement does not raise a federal constitutional claim under § 1983.  Plaintiff does not explain how not receiving credit for his information violates his rights under the United States Constitution.  He also provides no factual support for his claim, which means it does not rise into the realm of plausibility as required by *Twombly* and *Iqbal*.  The Court believes this claim is subject to dismissal for failure to state a claim.

For these reasons, the Court believes Plaintiff's Complaint should be dismissed in its entirety for failure to exhaust his state court remedies with respect to his habeas claim and for failure to state a claim under 42 U.S.C. § 1983.  However, the Court grants Plaintiff time to show good cause to the Honorable Sam A. Crow as to why his Complaint should not be dismissed for the reasons outlined in this Order to Show Cause.

**IT IS THEREFORE ORDERED BY THE COURT** that, on or before July 28, 2016, Plaintiff shall show good cause in writing to the Honorable Sam A. Crow as to why his case should not be dismissed for failure to exhaust his state court remedies with respect to his habeas claim (Count I) and for failure to state a claim under 42 U.S.C. § 1983 (Counts II and III).

**IT IS SO ORDERED.**

Dated July 8, 2016, at Kansas City, Kansas.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge